UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent James Biagas, Sr.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>State of California, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0109 KJM CKD P<br><br>ORDER |

  Plaintiff, proceeding pro se, filed "objections" to the court's adoption of the magistrate judge's findings and recommendations.  *See* ECF No. 20.  Although plaintiff does not identify the basis of his motion, the court construes this as a motion for relief from a judgment or order under Rule 59(e) because it was filed within the 28-day window required by Rule 59. Fed. R. Civ. P. 59(e).  For the following reasons, plaintiff's motion for reconsideration is DENIED.

  Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight days of the entry of the judgment.  Although the Rule does not list specific grounds for such a motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This court has "wide discretion" when considering such a motion. *Turner v. Burlington N. Santa Fe R.R.*

*Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  The rule provides "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A party filing a motion for reconsideration should not ask the court "to rethink what the Court has already thought through" simply because of a disagreement with the result of that thought process.  *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

      Here, plaintiff identifies no new facts, extraordinary circumstances, or other grounds to justify relief from the court's prior order.  Plaintiff makes a number of assertions that appear ungrounded, and certainly provides no new evidence, nor other ground to justify relief.  Plaintiff thus has not demonstrated a reasonable ground for the court to reconsider its adoption of the magistrate judge's findings and recommendations.

      Plaintiff's request for a new judgement, ECF No. 20, is DENIED.

      IT IS SO ORDERED.

DATED: October 8, 2021.

CHIEF UNITED STATES DISTRICT JUDGE